# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MVS ROYAL OAK, L.L.C,**

       **Plaintiff,**                  **CIVIL ACTION NO. 05-CV-73512-FL**

       vs.                                **DISTRICT JUDGE PATRICK J. DUGGAN**

**HTG-TIFFIN, L.L.C.,**               **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HTG CORP.,**

       **Defendant.**
_____/

## AMENDED SCHEDULING ORDER AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EMERGENCY MOTION TO COMPEL PRODUCTION OF OPINIONS OF COUNSEL AND RELATED DISCOVERY AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR MODIFICATION OF THE SCHEDULING ORDER

     Plaintiff filed the instant patent infringement suit on September 13, 2005. Before the Court is Plaintiff's Emergency Motion to Compel Defendants' Production of Opinions of Counsel and Related Discovery, or in the Alternative to Preclude Defendants from Relying on Advice of Counsel as a Defense to Plaintiff's Charge of Willful Infringement, filed February 14, 2006. Also before the Court is Defendants' Emergency Motion for Modification of the Scheduling Order to Extend by 60 Days All Remaining Dates Thereof, filed February 23, 2006. Both motions have been fully briefed by the parties and referred to the undersigned for determination. The Court heard oral argument on both motions on March 16, 2006.

**Plaintiff's Motion**

     Plaintiff is entitled to compensatory damages if it can prove Defendants infringed on its patent, but may also collect treble damages if it can prove that Defendants' infringement was "willful."

Determination of willfulness is made on consideration of the totality of the circumstances. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1342 (Fed. Cir. 2004). To prove that their alleged infringement was not willful, Defendants may argue that they reasonably relied on the competent advice of counsel that their conduct would not infringe upon the subject patent. *Id.* Plaintiff seeks an order compelling Defendants to either assert or waive this defense by a date certain. If Defendants choose to assert the defense, Plaintiff seeks an order compelling full disclosure of the advice of counsel on which Defendants intend to rely and related documents, and a limited extension of discovery narrowly focused upon the advice of counsel defense.

The "[p]roper resolution of the dilemma of an accused infringer who must choose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege." Applied Medical Resources Corp. v. U.S. Surgical Corp., 967 F. Supp. 861 (E.D. Va. 1997), dismissed, 129 F.3d 133 (Fed. Cir. 1997).

At oral argument, Defendants indicated that they would be able to assert or waive the advice of counsel defense within a reasonable time after the parties exchange expert reports for matters on which they bear the burden of proof. This exchange is currently scheduled for April 1, 2006, and is a subject of Defendants' Motion to Amend the Scheduling Order. Plaintiff's Emergency Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. The dates of Defendants' election and prospective production of opinions of counsel and the prospective extension of discovery regarding the advice of counsel defense will be considered below, in conjunction with Defendants' request to amend the scheduling order.

**Defendants' Motion to Modify the Scheduling Order**

The general discovery period in this case has closed. Defendants seek to reopen general discovery for a period of sixty days in order to complete three depositions that both parties agree

should be completed. Plaintiff objects that Defendants request would unnecessarily delay the date of trial. Plaintiff argues that a delay in the trial date would delay the prospective award of injunctive relief. Defendants argue that there is good cause to amend the scheduling order, and that Fed. R. Civ. P. 16(b) therefore authorizes its modification.

**Analysis**

The parties are in substantial agreement that the scheduling order in this case should be amended to: (1) allow the parties to finish outstanding general discovery; (2) compel Defendants to elect whether to assert the advice of counsel defense on a reasonable date certain; and, in the event that Defendants assert the advice of counsel defense, to (3) order Defendants to disclose the attorney advice upon which they rely and related documents; and (4) allow Plaintiff a reasonable period of time to conduct discovery regarding the advice of counsel defense.

Fed. R. Civ. P. 16(b) gives this Court broad discretion to amend the scheduling order for good cause. After briefing and oral arguments, the Court determines that good cause exists to amend the scheduling order and that such amendment will allow both parties to thoroughly and expeditiously litigate the remainder of this case. The Scheduling order is amended as follows:

**Second Amended Scheduling Order**

    General fact discovery shall be completed by **March 27, 2006**.
The parties shall exchange expert reports on those issues upon which they bear the burden of proof on **April 7, 2006**.
Defendants shall choose whether to assert or waive the advice of counsel defense on or before **April 17th, 2006**.
In the event that Defendants choose to assert the advice of counsel defense, Defendants shall produce the documents pertinent to the advice of counsel defense on **April 17th, 2006**.
Other discovery regarding the advice of counsel defense shall be completed on or before **May 19th, 2006**.
Dispositive motions shall be filed on or before **June 2nd, 2006**.
The final pretrial conference shall occur on **August 16, 2006** at **2:30 pm**.
Trial shall commence in **August, 2006** on the District Judge's trailing docket.

    **IT IS SO ORDERED.**

    Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 31, 2006                            s/ Mona K. Majzoub
                                                    MONA K. MAJZOUB
                                                    UNITED STATES MAGISTRATE JUDGE

## Proof of Service

    I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 31, 2006                            s/ Lisa C. Bartlett
                                                    Courtroom Deputy