UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MVS ROYAL OAK, LLC

    Plaintiff,

v.                                                                                                                         Case No. 05-73512
                                                                                                                   Hon. Sean F. Cox

HTG-TIFFIN, LLC and
HTG CORPORATION, INC.,

    Defendants.

_____

## **ORDER**

This matter is before the Court on Defendants' Motion to exclude Plaintiff's doctrine of equivalents claim. The parties have fully briefed the issues and a hearing was held October 3, 2006. For the following reasons, the Court denies Defendants' Motion.

### I.  BACKGROUND

This action arises out of the alleged patent infringement of Plaintiff's patent, U.S. Patent No. 4,955,773 ("the '773 patent"), for capped wheel nuts.

Capped wheel nuts are used to secure a wheel to the axle of a vehicle. It consists of a usually hexagonal nut inserted in a metal cap. The nut insert and the cap are then welded together. The dispute regarding this patent centers on exactly where the '773 patent requires the weld to be.

Plaintiff claims that under the correct claim construction, Defendants infringe either

literally, or in the alternative, under the doctrine of equivalents ("DOE").[1]

Defendants argue that Plaintiff should be precluded from asserting an infringement theory under the DOE as a discovery sanction, pursuant to Fed.R.Civ.P. 37(c)(1). Defendants allege Plaintiff failed to supplement their interrogatory response that it was not pursuing a DOE claim.

The following is a timeline of pertinent events:

| | | |
|---|---|---|
| November 17, 2005 | - | Defendants serve Plaintiff an interrogatory asking Plaintiff to identify the accused devices and state which patent claims infringe under the DOE.[2] |
| December 8, 2005 | - | Defendants respond to Plaintiff's Interrogatory that they cannot answer what their noninfringement basis will be because Plaintiff did not identify the allegedly infringing devices. Defendants state they will supplement its response when Plaintiff identifies the devices. |
| December 12, 2005 | - | Plaintiff responds to Defendants' Interrogatory that it would not answer until it received Defendants' defenses to infringement. Defendants objected and threatened to file a motion to compel. |
| December 16, 2005 | - | Plaintiff supplements its response and says it is not currently relying on the DOE, but reserves the right to do so. It also sends a confirming letter stating that as agreed, it did not supplement the question directly addressing the DOE, presumably since it was not raising a DOE claim at that time. Plaintiff states it will consider providing any necessary DOE positions after Defendants provide their noninfringement and invalidity contentions. |

---

[1] "Absent a finding of literal infringement, the trial court can find that an accused device infringes by applying the doctrine of equivalents." *Sofamor Danek Group v. DePuy-Motech, Inc.*, 74 F.3d 1216, 1221 (Fed.Cir. 1996). The doctrine of equivalents allows the patentee to include those insubstantial changes or substitutions that were not literally captured by the patent claim, but which could be created through trivial changes. *Festo Corporation v. Shoketsu Kinzoku Kogyo Kabushiki Company*, 122 S.Ct. 1831 (2002).

[2] Plaintiff's Complaint alleges patent infringement, it does not specify under what theories.

| | | |
|---|---|---|
| January 31, 2006 | - | Plaintiff sends additional supplementary responses stating that it is not currently relying on the DOE, but that it reserves the right to do so. |
| February 28, 2006 | - | Defendants depose Plaintiff's corporate designee. She confirms that the supplemental response is still Plaintiff's position with respect to the DOE. |
| March 27, 2006 | - | Fact discovery cutoff date. |
| April 7, 2006 | - | Expert Reports due. |
| April 7, 2006 | - | Plaintiff serves its expert report that contends if the accused devices do not infringe literally, they infringe under the DOE. Plaintiff's expert report is signed March 7, 2006. |
| May 8, 2006 | - | Defendants serve its expert rebuttal report that discloses their noninfringement position. |
| June 2, 2006 | - | Deadline for dispositive motions. |
| July 13, 2006 | - | Defendants file Motion to exclude Plaintiff from raising DOE claim. |

### III.   STANDARD OF REVIEW

"A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."
. . .

Fed.R.Civ.P. 37(c)(1). "It is the burden of the party facing sanctions to show that the failure to comply was either substantially justified or harmless." *Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006). "The district court has broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless." *Id.*

### IV.   ANALYSIS

The Plaintiff violated Fed.R.Civ.P. 26(e)(2). At the very least, Plaintiff knew on March

3

7, 2006, when it obtained its expert report that it would *pursue* a claim under the DOE, regardless of whether it had fully developed the factual basis. Plaintiff did not seasonably amend its prior response that it was not pursuing a claim under the DOE. Rather, on April 7, after the close of fact discovery, Plaintiff served its expert report that asserted Defendants infringed under the DOE for the first time. No factual basis was provided for the conclusion.

The failure to amend the interrogatory response was not substantially justified and/or harmless.

Plaintiff contends its actions were substantially justified because "Defendants did not reveal their non-infringement position until the last possible moment." [Response, p.3]. Plaintiff argues it was left to speculate whether the DOE would "be a significant issue in the case." This argument provides a substantial justification for not including a detailed factual basis for Plaintiff's DOE claim, but does not justify failing to alert Defendants that Plaintiff was pursuing a DOE claim.

Plaintiff makes much of Defendants' delay in supplementing their responses. However, Defendants' alleged failure to supplement is a separate issue. Plaintiff is not justified in ignoring discovery rules because Defendants are.

Plaintiff argues that its failure to supplement its responses was harmless. Plaintiff alleges that Defendants knew it intended to assert a DOE claim "if Defendants took a non-infringement position that they do not literally infringe the '773 patent." [Response, p.6]. Defendants allege Plaintiff's failure to supplement was not harmless because Defendants were prejudiced by relying on Plaintiff's representations. Defendants argue they only pursued a defense of literal infringement because they relied on Plaintiff's assertions that it was not currently pursuing a

4

DOE claim.  However, indisputably, Plaintiff made it clear that if Defendants' noninfringement defense justified a DOE claim, it would pursue one.

Plaintiff's failure to supplement its responses to indicate it was pursing a DOE claim was not harmless.  If Plaintiff had supplemented its response to inform Defendants that it was pursuing a DOE claim on March 7, 2006 when it received its expert report, Defendants would have had approximately three weeks of fact discovery to investigate the claim.

Accordingly, Plaintiff violated Fed.R.Civ.P. 26.  Pursuant to Fed.R.Civ.P. 37(c)(1), the Court may exclude Plaintiff from asserting the DOE, or, in lieu of that sanction, the Court may fashion its own sanction.  The Court chooses to fashion its own sanction and Orders Plaintiff to produce its expert, Brian P. Williamson, for deposition within 30 days from October 3, 2006.

### V.   CONCLUSION

For the foregoing reasons, the Court denies Defendants' Motion.

**IT IS SO ORDERED.**

                                             <u>S/Sean F. Cox</u>
                                             **Sean F. Cox**
                                             **United States District Judge**

**Dated:  October 11, 2006**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on October 11, 2006, by electronic and/or ordinary mail.**

                                             <u>**S/Jennifer Hernandez**</u>
                                             **Case Manager**