UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MVS ROYAL OAK, LLC

    Plaintiff,

v.                                                     Case No. 05-73512
                                                     Hon. Sean F. Cox

HTG-TIFFIN, LLC and
HTG CORPORATION, INC.,

    Defendants.

_____

## **ORDER**

This matter is before the Court on Plaintiff's Motion to exclude DE 8311902U. The parties have fully briefed the issues and a hearing was held October 3, 2006. For the following reasons, the Court denies Plaintiff's Motion.

## I.    BACKGROUND

This action arises out of the alleged patent infringement of Plaintiff's patent, U.S. Patent No. 4,955,773 ("the '773 patent"), for capped wheel nuts.

The underlying facts are sufficiently set forth in the Court's Order denying Defendants' Motion to exclude Plaintiff's doctrine of equivalence claim.

During the course of discovery, Plaintiff sent Defendants several requests to identify all prior art that they would rely on. Discovery closed on February 28, 2006. However a hearing was held on March 16, 2006 regarding a motion by Defendants to amend the scheduling order and extend discovery. Magistrate Judge Mona Majzoub amended the scheduling order to extend discovery until March 27, 2006, to allow the parties to finish outstanding discovery.

On March 23, 2006, Defendants deposed Plaintiff's director of engineering, Larry Wilson. They presented Wilson with DE 8311902U. This was the first time it was shared with Plaintiff. Plaintiff relies on Rule 26 to argue that Defendants should be sanctioned for failing to disclose DE 8311902U earlier and/or supplement their interrogatory responses.

On June 26, 2006, Plaintiff filed a Motion to exclude German utility model DE 8311902U as a discovery sanction.

## II.   STANDARD OF REVIEW

> "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."
>
> . . .

Fed.R.Civ.P. 37(c)(1). "It is the burden of the party facing sanctions to show that the failure to comply was either substantially justified or harmless." *Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006). "The district court has broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless." *Id*.

## III.   ANALYSIS

As an initial matter, Defendants argue that they were not required to disclose DE 8311902U any earlier than they did because they had not yet decided to rely on it as prior art. Defendants claim they were still investigating whether DE 8311902U met the qualifications to be considered prior art. This argument is unavailing. At Wilson's deposition on March 23, 2006, Defendants questioned him about DE 8311902U. Indisputably, they were relying on it at that time as prior art, regardless of whether they researched every aspect to make sure it would stand up to scrutiny.

Defendants' disclosure of DE 8311902U was not seasonable. Defendants' admitted at the hearing that the earliest they could have disclosed the reference was March 13, 2006 when an English translation was received. Defendants' offer no reason for declining to disclose the reference at the time, choosing instead to disclose it during a deposition.

Defendants' failure to disclose DE 8311902U was not substantially justified or harmless. Plaintiff's were denied the opportunity to investigate the reference and conduct discovery.

Accordingly, Defendants violated Fed.R.Civ.P. 26. Pursuant to Fed.R.Civ.P. 37(c)(1), the Court may exclude Defendant from introducing DE 8311902U, or, in lieu of that sanction, the Court may fashion its own sanction. The Court chooses to fashion its own sanction and Orders Defendant to produce its experts Dr. Alexander Bulling and Robert Lucius for deposition within 30 days from October 3, 2006.

### IV.   CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion to exclude DE 8311902U as prior art.

**IT IS SO ORDERED.**

                        **S/Sean F. Cox**
                        **Sean F. Cox**
                        **United States District Judge**

**Dated: October 11, 2006**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on October 11, 2006, by electronic and/or ordinary mail.**

                        **S/Jennifer Hernandez**
                        **Case Manager**